LAW OFFICE OF DENNIS K. COWAN
Dennis K. Cowan, Esq. - CA Bar No. 036325
280 Hemsted Drive, Ste. B
P.O. Box 992090
Redding CA 96099
Telephone: (530) 221-7300
Fax: (530) 221-7389
Email: dcowan@dcowanlaw.com

Attorney for Robert Watters, Creditor

5 pages

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re
MIMI MELINDA RILEY

Debtor
_____/

ROBERT AND TAMMY WATTERS,

Plaintiffs
vs.
MIMI MELINDA RILEY,
Defendant
_____/

Case No. 09-38458-C-7

Adv. No._____

COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBTS (11 U.S.C. §523(a)(2,)(4), AND (6) AND DISCHARGE OF DEBTOR (11 U.S.C. §727(a)(2), (3), (4) and (5)

Rober Watters, plaintiff, alleges as follows:

**GENERAL ALLEGATIONS**

1. Defendant Mimi Melinda Riley filed her voluntary petition under Chapter 7 of the Bankruptcy Code on August 28, 2009.

2. This is an action to object to the dischargeability of the plaintiff's claims against the defendant. This court has jurisdiction over the subject matter of this Complaint, and it is a core proceeding, pursuant to 28 U.S.C. §1334 and 157(b)(2)(I) and 11 U.S.C. §523(a)(2), (5), and (6). Defendant was a resident of this district when this case was filed, and had been for more than 180 days before this case was filed, and venue is proper under 28 U.S.C. §1408.

3.      Prior to the filing of the bankruptcy case and when it was filed, defendant had an ownership interest in the following assets, none of which were disclosed in her bankruptcy Schedules:

(a)     certain real property on the Island of Eleuthera in the Bahamas with a value of several hundred thousand dollars;

(b)     an undisclosed amount of money in bank accounts that may have exceeded $300,000;

(c)     a diamond ring worth over $15,000;

(d)     other undisclosed assets.

OBJECTION TO DISCHARGEABILITY OF OBLIGATIONS OWED TO PLAINTIFF
(11 U.S.C. §523(a)(2), (4) and (6))

3.      On or about October 2, 2004, defendant, on behalf of herself and purportedly for her sister Therese Stephanson and brother Frederic Kessler, entered into a written agreement with plaintiff in which she agreed to sell her interest in three separate five-acre parcels of real property in the Bahamas to plaintiffs and John and Randy Hartselle for a total amount of $225,000 cash, with the sale to close on or before January 31, 2005 (**Exhibit A**). Plaintiff paid a good faith deposit of $5,000 at the time of that agreement, as acknowledged in it. On or about January 7, 2005, defendant, plaintiff, and John Hartselle executed am Addendum to the Sales Agreement (**Exhibit B**) Pursuant to that agreement and addendum, defendant received $62,500 cash from plaintiff and $42,500 from John Hartselle and delivered to plaintiff written conveyances of each of the parcels being sold signed by both defendant and plaintiff, with both signatures acknowledged. At the time of the Agreement and the Addendum and when she received the $105,000, defendant knew that her interest in the real property was held in the name of a third party, who had refused to recognize the ownership interest of defendant and was otherwise clouded, and that defendant could not deliver clear marketable title to the real property, all of which defendant concealed from plaintiff and John Hartselle and the other parties to the

- 2 -

1 | Agreement.

4. Defendant continued thereafter to promise to convey title to the real property and to make excuses for not doing so, and Plaintiff did not learn until some time after April 6, 2005 that defendant's ability to deliver clear title was at least severely restricted, that litigation involving defendant as a party had been pending regarding title since at least 2001, and that defendant had used the $105,000 deposit for her own purposes rather than retain it in an escrow account until the sale closed. Defendant nevertheless continued to assure plaintiff and John Hartselle that she would be able to deliver clear title, and on or about July 11, 2006, she acknowledged in writing that she had received the $105,000 deposit and represented in writing that if "something happen to me in the process of this sale" that she had instructed her brother, Fred Kessler, to repay the $105,000 from her estate (**Exhibit C**).

5. Plaintiff justifiably relied upon each of the representations of the defendant when they were made. He thereafter learned that they were untrue and on March 23, 2009 he and John Hartselle and their spouses caused a complaint to be filed in the Butte County Superior Court, Robert Watters, Tammy Watters, John Philip Hartselle, and Randy Hartselle, plaintiffs, vs. Mimi Melinda Riley and does 1 through 50, defendants, Case No. 146438, to recover the $105,000 deposit and such other damages as might be proved at trial. Said case was pending when this bankruptcy case was filed for the primary purpose of discharging the claims of plaintiff and prosecution was thereby stayed.

OBJECTION TO DISCHARGE OF ALL OBLIGATIONS
(11 U.S.C. §727 (a)(2), (4), (5) and (6))

6. Plaintiff refers to and incorporates herein all allegations of paragraphs 1 - 5.

7. At the time this bankruptcy case was filed, defendant knew that she had an ownership interest in the real property in the Bahamas referred to herein, knew that she owned a diamond ring worth over $15,000, and knew that she had significant money in one or more bank accounts, all of which she knowingly failed to disclose in her bankruptcy schedules and did not

- 3 -

acknowledge until plaintiff and his attorney questioned her at the meetings of creditors. Plaintiff is informed and believes and therefore alleges that defendant also knew that she had other valuable assets, the nature and value of which are presently unknown to plaintiff, that she intentionally has failed to list in her bankruptcy schedules and has concealed from the bankruptcy trustee, creditors, and other interested parties. Plaintiff will seek leave to amend this complaint when the specific existence of such other concealed assets is learned by him in the course of further investigation and discovery.

8. These assets were concealed by plaintiff in bad faith and for the purpose of preventing the assets to be taken and liquidated for the benefit of her creditors by the Chapter 7 trustee, John Reger.

9. Defendant has further without justification concealed, falsified, failed to retain, and plaintiff believes has destroyed written information from which the existence of the above stated facts and existence of assets, and her financial condition and business transactions could be ascertained.

10. At the continued meeting of creditors on January 6, 2010, defendant further refused to answer questions propounded by plaintiff and his attorney regarding sales of any of her interest in properties or business affairs in the Bahamas and the proceeds of such sales and business transactions, claiming a privilege against self-incrimination, and without asking for any grant of immunity.

Plaintiff therefore prays for judgment as follows:

1. That plaintiff receive judgment against defendant in an amount according to proof but not less than the amount of not less than $62,500.00, plus such greater and additional damages as may appear according to proof;

2. That such judgment be declared to be not discharged in this bankruptcy case; and

3. That the discharge of defendant be denied; and

4. Such other and further relief as may be appropriate.

March 15, 2010

_____
Dennis K. Cowan, attorney for plaintiffs