FORM 104 (10/06)

2010-02149
FILED
March 15, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002486270

## ADVERSARY PROCEEDING COVER SHEET
### (Instructions on Reverse)

ADVERSARY PR (Court Use Only)

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| ROBERT and TAMMY WATTERS | MIMI MELINDA RILEY |

| ATTORNEY(S) (Firm Name, Address, and Telephone No.) | ATTORNEY(S) (If Known) |
|---|---|
| Law Office of Dennis K. Cowan<br>Dennis K. Cowan, Esq.<br>PO Box 992090<br>Redding, CA 96099<br>530-221-7300 | David Mikel Howard<br>641-643 Flume St.<br>Chico, CA 95928 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [ ] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[✓] Creditor   [ ] Trustee   [ ] Other | [✓] Debtor   [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor   [ ] Trustee   [ ] Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint Objecting to Dischargeability of Debts pursuant to 11 U.S.C. § 523 (a)(2)(4) and (6)

## NATURE OF SUIT
**(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)**
*Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.*

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11 - Recovery of money/property - § 542 turnover of property
[ ] 12 - Recovery of money/property - § 547 preference
[ ] 13 - Recovery of money/property - § 548 fraudulent transfer
[X] 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31 - Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41 - Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66 - Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
[X] 62 - Dischargeability - § 523(a)(2), flase pretenses, false representation, actual fraud
[X] 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
**continued next column**

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61 - Dischargeability - § 523(a)(5), domestic support
[X] 68 - Dischargeability - § 523(a)(6), willful and malicious injury
[ ] 63 - Dischargeability - § 523(a)(8), student loan
[ ] 64 - Dischargeability - § 523(a)(15), divorce/sep property settlement/decree
[ ] 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71 - Injunctive relief - reinstatement of stay
[ ] 72 - Injunctive relief - other

**FRBP 7001(8) – Subordination of Claim or Interest**
[ ] 81 - Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
[ ] 91 - Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
[ ] 01 - Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§ 78aaa et seq.
[ ] 02 - Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ 62,500.00 |

**Other Relief Sought**

Plus additional damages according to proof.

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>Mimi Melinda Riley | | BANKRUPTCY CASE NO.<br>**09-38458-C-7** |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of California | DIVISIONAL OFFICE<br>Sacramento | NAME OF JUDGE<br>Christopher M. Klein |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF<br>Robert and Tammy Watters | DEFENDANT<br>Mimi Melinda Riley | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Eastern District of California | DIVISIONAL OFFICE<br>Sacramento | NAME OF JUDGE<br>Christopher M. Klein |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>March 15, 2010 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Dennis K. Cowan |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.